**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RONALD B. EVANS, #39302**                                                             **PETITIONER**

**VS.**                                              **CIVIL ACTION NO.: 1:10-CV-164-HSO-JMR**

**DALE CASKEY, Warden**                                                                **RESPONDENT**

___

**REPORT & RECOMMENDATION**
___

This matter is before this Court on the Respondent's Motion [9-1] to Dismiss Pursuant to 28 U.S.C. § 2244(d), or in the Alternative, Pursuant to 28 U.S.C. § 2254(b). To date, the Petitioner has failed to respond to Respondent's Motion [9-1], which was filed on August 3, 2010. Having considered the Respondent's Motion [9-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [9-1] is well-taken and should be granted. Accordingly, Evans' petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

Petitioner, Ronald Evans, was indicted by the Circuit Court of Harrison County, Mississippi, First Judicial District, on a charge of Capital Rape. Evans pled guilty to a reduced charge of Fondling on October 27, 1989. Evans was sentenced to seven (7) years in the custody of the Mississippi Department of Corrections ("MDOC"). (*See* Ex. "A" Attach. Mot. [9-1] Dismiss.)

On February 9, 2007, after being convicted of Failing to Register as a Sex Offender in the Circuit Court of Scott County, Mississippi, Evans was sentenced to serve five (5) years in the custody of the MDOC. (Ex. "D" Attach. Mot. [9-4] Dismiss 10.; *see also* Ex. "B" Attach. Mot. [9-2] Dismiss.) As described in the indictment, Evans' obligation to register as a sex offender arose from

prior convictions in both Rankin County, Mississippi in 1993 and Harrison County, Mississippi in 1989. (Ex. "C" Attach. Mot. [9-3] Dismiss. 1.)  The Court notes that Evans' instant federal habeas petition challenges only his Fondling conviction from Harrison County.  The Court further notes that Evans has at least two other *habeas* petitions pending in the United States District Court for the Southern District of Mississippi, *Evans v. Caskey*, 3:10-cv-148-HTW-LRA in which Evans challenges his 2007 conviction in Scott County, Mississippi for Failing to Register as a Sex Offender and *Evans v. Caskey*, 3:10-cv-207-HTW-LRA in which Evans challenges his 1993 conviction in Rankin County, Mississippi for Fondling.

On January 30, 2009, Evans attempted to file a petition for extraordinary relief in the Mississippi Supreme Court for convictions from Harrison, Rankin, and Scott Counties. (*See* Ex. "D" Attach. Mot. [9-4] Dismiss.)  The Mississippi Supreme Court dismissed the petition as improperly before the court by order filed on February 26, 2009. (*See* Ex. "E" Attach. Mot. [9-5] Dismiss.)  That court noted that Evans' challenges should be filed in the trial court. *Id.*  There is no evidence before this Court that Evans ever filed a post-conviction motion in the trial court.

On April 22, 2010, Evans filed the instant Petition for Writ of Habeas Corpus.  On that same day, Evans filed a Motion for Leave to Proceed in forma pauperis.  The Motion was granted by Order on May 20, 2010.  On August 3, 2010, Respondent filed the present Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d), or Alternatively, Pursuant to 28 U.S.C. § 2254(b).

## ANALYSIS

The Respondent argues that Evans' *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA.  A petitioner seeking federal *habeas* relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

2244(d)(1)(A). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant petition, Evans challenges his conviction of Fondling from Harrison County, Mississippi in 1989 and the sentence imposed by the trial court.[1] (Pet. [2-1] 1.) Respondent argues that Evans' habeas petition should have been filed within one year of the date that his conviction became final. Respondent claims that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See*, *e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

Mississippi state law prohibits a defendant who has pled guilty from prosecuting a direct appeal of his *conviction* in state court. *See* MISS. CODE ANN. § 99-35-101; *see also Lett v. State*, 965 So.2d 1066 (Miss. 2007). However, the Mississippi Supreme Court has created an exception permitting a defendant to appeal the *legality of his sentence* within thirty days of the imposition of that sentence. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Thus, Evans' conviction and sentence became final on November 26, 1989, thirty days after he was sentenced on his guilty plea. *See Boyett*

---

[1] The Court notes that even though Evans only challenges his Harrison County conviction of Fondling in the instant petition, he does mention separate convictions from both Rankin County and Scott County. (*See* Pet. [1-1].) However, Evans may not include challenges to his Rankin County or Scott County convictions in the same application in which he challenges his Fondling conviction from Harrison County. Rule 2(e) of the Federal Rules Governing Section 2254 Cases provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." As previously stated, Evans has filed at least two other habeas petitions in the United States District Court for the Southern District of Mississippi challenging separately his Rankin County and Scott County convictions. *See Evans*, 3:10-cv-148-HTW-LRA; *see also Evans*, 3:10-cv-207-HTW-LRA.

*v. Waller*, 2006 WL 3206082, \*1 (N.D.Miss. 2006). However, the AEDPA's one-year time limit does not begin to run against a prisoner convicted prior to the statute's date of enactment, April 24, 1996. Rather, federal *habeas* petitioners, such as Evans, whose conviction became final prior to the enactment date are entitled to a one-year grace period until April 24, 1997, to file for *habeas* relief. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). Thus, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's limitation period.

Therefore, unless Evans properly filed a petition for post conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) between April 24, 1996, and April 24, 1997, to toll the limitations period, Evans' instant *habeas* petition would be filed too late. *See Grillette*, 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). Respondent asserts that according to the records of the Harrison County Circuit Court, no motions for post-conviction relief were filed by Evans challenging his conviction or sentence on or before April 24, 1997, and thus, the tolling provisions of 28 U.S.C. § 2244(d)(2) are not applicable to the facts of this case. The Court notes that the record indicates that Evans filed a petition for extraordinary relief in the Mississippi Supreme Court on January 30, 2009, which was rejected by the Mississippi Supreme Court on February 26, 2009. (*See* Exs. "D," "C" Attach. Mot. [9-4, 9-5] Dismiss.) However, Evans petition was filed some 4,298 days after the April 24, 1997 deadline for filing his federal *habeas* petition. Therefore, Evans failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Evans "filed" his petition was on April 15, 2010, the date it was signed. This date is 4,739 days past the April 24, 1997 deadline for

filing his federal *habeas* petition.  Evans' failure to file his petition within the statutory deadline warrants dismissal of his petition.  Additionally, Evans fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling.  Generally, equitable tolling is only available in rare circumstances.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).  Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  As noted above, Evans has failed to respond to the Respondent's Motion [9-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling.  Therefore, Evans' Petition is time-barred by § 2244(d).

Assuming *arguendo*, that Evans is able to overcome the time-bar, Respondent submits, and the Court agrees, that the claims raised by Evans in his present Petition [1-1] have not been presented to the State's highest court in a procedurally proper manner.  Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  "Appellants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the State's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims.  *Nobles v. Johnson*, 127, F.3d 409, 420 (5th Cir. 1997); Carter *v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982).  Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement.  The exhaustion requirement is not satisfied if the petitioner presents new legal theories

or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles v. Johnson* 127 F.3d 409, 420 (5th Cir. 1997).

However, Respondent posits that Evans cannot now meet the exhaustion requirement and has procedurally defaulted his claims in state court by failing to seek an appeal of his sentence or motion for post-conviction relief. Furthermore, Evans' claims are likely barred from Post-Conviction Relief in state court as they were not raised within three (3) years of the date Evans' conviction became final. Mississippi's Post-Conviction Collateral Relief Act, § 99-39-5 provides, in relevant part:

> (2) A motion for relief under this chapter shall be made... In case of a guilty plea, within three (3) years after the entry of the judgment of conviction...

MISS. CODE ANN. § 99-39-5(2). Therefore, Respondent submits, and this Court agrees, that there is no opportunity available for Evans to present his claims to the state court in which such claims would be deemed procedurally proper. Consequently, Evans has "technically exhausted" his claims in the instant petition and those claims are considered to be procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (citations and internal quotation marks omitted) ("[W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state court...[,] there is no substantial difference between nonexhaustion and procedural default."); *see also Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

Procedural default of a federal claim in state court bars federal habeas review of that claim

unless the petitioner can show "cause" for the default and "prejudice" attributable thereto, *Murray v. Carrier*, 477 U.S. 478, 485 (1986), or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Id.* at 495.  Evans concedes that he did not appeal his sentence from his conviction in Harrison County, however, he claims that he properly presented his claims in the present Petition to the Mississippi Supreme Court. (Pet. [1-1] 2, 13.)  However, the Court disagrees.  Evans did file a motion for extraordinary relief in the Mississippi Supreme Court on January 30, 2009, challenging several convictions from Harrison, Rankin, and Scott Counties. (*See* Ex. "D" Attach. Mot. [9-4] Dismiss.)  However, the Mississippi Supreme Court found that the motion should first be presented to the trial courts, and it dismissed Evans' motion as being improperly before the court. (*See* Ex. "E" Attach. Mot. [9-5] Dismiss.)  Accordingly, Evans' claims in the present petition were not properly presented to the state's highest court.  Additionally, there is no evidence before the Court that Evans filed any post-conviction motion in Harrison County Circuit Court.  Thus, he has not fairly presented his claim to the state courts and therefore fails to satisfy the exhaustion requirement. *See Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).  Also, the Court agrees with Respondent, in that Mississippi courts would find Evans' claim procedurally barred. *See* M.R.A.P. 40; *see also Spicer v. State*, 973 So.2d 184 (Miss. 2007) (petitioner's post-conviction claim was procedurally barred from review because it was capable of being raised on direct appeal).  Therefore, unless Evans qualifies under one of § 2254(b)'s narrow exceptions: "cause and actual prejudice" or "miscarriage of justice," his Petition should be dismissed. *See* 28 U.S.C. § 2254(b)(1)(B).

To prove "cause" Evans must establish that some "external force" impeded the defense's efforts to comply with the procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  The only argument that can be gleaned from Evans' Petition, in this regard, was that he was unaware that

he could appeal his sentence. (Pet. [1-1] 2.) Evans' ignorance, however, does not constitute "cause," as such ignorance is not an objective, external factor preventing him from raising his claim. *See Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir. 1991); *see also Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Evans has not offered any argument that a genuine external force caused the procedural violation. *See Murray*, 477 U.S. at 488 ("external forces" include, inter alia, objective factors external to the defense that impeded counsel's compliance or "some interference by officials [that] made compliance impractical").

In addition to cause, Evans must show "actual prejudice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 750. A showing of prejudice requires the petitioner to prove not merely that the omission created a possibility of prejudice, but that it worked to his actual and substantial disadvantage. *See United States v. Frady*, 456 U.S. 152, 170 (1982); *Russell v. Collins*, 944 F.2d 202, 205 (5th Cir.), *cert. denied*, 501 U.S. 1278 (1991). However, "absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir*, 956 F.2d at 118).

Evans also cannot establish that procedural default would occasion a miscarriage of justice. The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him. *See Coleman*, 501 U.S. at 750; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). To meet this test, Evans needed to supplement his constitutional claims with a colorable showing of factual innocence, i.e., "a fair probability that, in light of all the evidence, including that... evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (citations and quotations omitted); *see*

*also Callins v. Johnson*, 89 F.3d 210, 213-214 (5th Cir. 1996) ("This miscarriage of justice exception is concerned with actual as compared to legal innocence[.]") To establish the requisite probability that he was actually innocent, Evans must support his allegations with new, reliable evidence that was not presented at trial. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) Essentially, Evans must show that, as a factual matter, he did not commit the crime for which he was convicted. *Id.* However, Evans has not offered any new evidence, nor has he even sufficiently raised a "factual innocence"argument. Evans challenges the circumstances surrounding his guilty plea, including the voluntariness of his guilty plea, the effectiveness of his counsel, an alleged conflict of interest with his counsel, and alleged procedural defects in his guilty plea, but he neither claims actual innocence nor offers any "new and reliable" evidence sufficient to "supplement[] his constitutional claim with a factual showing" that he did not commit the crime of Fondling. *See Callins v. Johnson*, 89 F.3d 210, 214 (5th Cir. 1996). As a result, Evans' contentions relate, at best, to a claim of *legal* innocence; they do not establish *actual* innocence. *See id.* Therefore, this Court's being procedurally barred from reviewing the merits of Evans' unexhausted claims does not result in a fundamental miscarriage of justice sufficient to excuse his default. *See Bagwell v. Dretke*, 372 F.3d 748, 757 (5th Cir. 2004) (finding no miscarriage of justice where "no colorable showing of factual innocence" had been made).

Based on the foregoing analysis, the Court finds that Evans failed to present his claim to the state courts, that his claims would be barred under Mississippi law, and that he does not qualify for the equitable exceptions carved out in § 2254(b). Thus, Evans is not entitled to habeas relief for the claims raised in his petition.

## **RECOMMENDATION**

By operation of the AEDPA, Evans' conviction became final on April 24, 1996. Thereafter,

Evans had one year or until April 24, 1997, to file a federal petition for a writ of *habeas corpus*. At the earliest, Evans filed his federal *habeas* petition on April 15, 2010, some 4,739 days past the April 24, 1997 deadline. To date, Evans has failed to respond to the Respondent's Motion [9-1] to Dismiss. Thus, this Court finds that Evans is entitled to neither statutory nor equitable tolling. Furthermore, the Court finds that it is procedurally barred from reviewing Evans' claims in his petition due to his failure to exhaust his remedies in state court. It is the recommendation of this Court that Evans' Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d), or in the alternative, for failure to satisfy the exhaustion requirement of 28 U.S.C. 2254(b)(1)(A).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   14th   day of October, 2010.

                                        s/ John M. Roper, Sr.
                                        CHIEF UNITED STATES MAGISTRATE JUDGE