IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONALD B. EVANS**                                                          **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:10-cv-164-HSO-JMR**

**DALE CASKEY, Warden**                                       **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OVERRULING
PETITIONER'S OBJECTION, ADOPTING REPORT AND
RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS,
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Ronald B. Evans' Objection [12] to Chief Magistrate Judge John M. Roper's Report and Recommendation [10]. Judge Roper reviewed Respondent's Motion to Dismiss [9], the record, and the relevant law, and recommended that Respondent's Motion to Dismiss [9] be granted and that Petitioner Ronald B. Evan's Petition [1] for Writ of Habeas Corpus be dismissed. Report and Recommendation, at pp. 1, 9-10.

I. BACKGROUND

Because Petitioner has filed an Objection [12] to the Magistrate's proposed findings and recommendations, the Court applies a *de novo* standard of review to the proposed findings and recommendations to which an objection is made. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Much of Petitioner's Objection [12] is a rehashing of facts presented in his Petition, and a recitation of the requirements of the Federal Rules of Criminal Procedure, which would not have been applicable to Petitioner's state court proceeding. Based upon its review, the Court finds that the Magistrate Judge's Report and Recommendation is well reasoned, and that it

correctly finds the applicable facts and applies the governing legal standards. As discussed in more detail below, the Court will therefore overrule Petitioner's Objection, and adopt the Magistrate Judge's Report and Recommendation as the opinion of this Court. Respondent's Motion to Dismiss [9] will be granted, and Petitioner Ronald B. Evan's Petition [1] for Writ of Habeas Corpus will be dismissed.

## II.  DISCUSSION

As an initial matter, the Magistrate Judge correctly determined that Petitioner's Petition is time barred. Report and Recommendation [10], at pp. 4-5. Respondent raised this issue in his Motion to Dismiss, to which Petitioner filed no response. In his present Objection, Petitioner has not argued, nor has he presented, any grounds for equitable tolling of the one year limitations period of 28 U.S.C. § 2244(d). Petitioner's failure to file his Petition within the statutory deadline warrants dismissal of his Petition.

The Magistrate Judge also correctly determined that, even if Petitioner were able to overcome the aforementioned time bar, he has procedurally defaulted his claims for federal habeas corpus relief. Report and Recommendation [10], at pp. 5-6. Federal habeas review of those claims is thus barred, unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Murray v. Carrier,* 477 U.S. 478, 486-96 (1986).

In his Objection, Petitioner asserts that he received ineffective assistance of counsel. Obj. [12], at pp. 9-10. To constitute cause for his default, Petitioner must show that his counsel's performance was constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Coleman*, 501 U.S. at 752. Under *Strickland*, a petitioner must establish: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the deficient representation caused prejudice, which requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Coble v. Quarterman*, 496 F.3d 430, 435 (5th Cir. 2007) (citations omitted). In this case, Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness. Nor has he shown the requisite prejudice under *Strickland*. *See id*. Thus, federal habeas review of his claims is barred.

Petitioner advances the miscarriage of justice exception in support of his position. He contends that he has "newly discovered evidence" proving his actual and legal innocence. Obj. [12], at p. 11. The miscarriage of justice exception applies only in extraordinary cases. *Sumrell v. Mississippi,* 2010 WL 5023240, *2 (5th Cir. Dec. 9, 2010). It is concerned only with actual, not legal, innocence. *Calderon v. Thompson,* 523 U.S. 538, 559 (1998). A petitioner can show that failure to review the merits of his claim would result in a fundamental miscarriage of justice in two ways. *Rocha v. Thaler*, 626 F.3d 815, 822 (5th Cir. 2010). He can show by a preponderance of the evidence that he is actually innocent of the crime of which he

has been convicted, or he can show by clear and convincing evidence that he is "actually innocent of the death penalty." *Id.* Because the death penalty is not at issue here, Petitioner must demonstrate, by a preponderance of the evidence, that he is actually innocent of the crime of fondling, the charge to which he pled guilty, which was reduced from an original charge of capital rape. *See id.*; *see also* Oct. 27, 1989, Order, attached as Ex. "A" to Mot. to Dismiss.

The Court is not persuaded that Petitioner presents a viable claim here. First, most of Petitioner's assertions are conclusory statements regarding his alleged innocence, which are not sufficient to show his actual innocence by a preponderance of the evidence. Also, the facts which Petitioner does present are not new. Most importantly, none establish that Petitioner is actually innocent of the crime to which he pled guilty, fondling, as opposed to capital rape.

Petitioner also asserts that exhaustion of state court remedies would have been futile. Obj. [12], at p. 11. The Court is not persuaded that this allegation excuses from him from satisfying the exhaustion requirement. Mississippi law afforded Petitioner with an adequate process to seek relief. This Objection is not well taken, and will be overruled.

### III. CONCLUSION

After thoroughly reviewing the Petition, Respondent's Motion to Dismiss [9], the related pleadings, the findings in the Report and Recommendation [10], Petitioner's Objection [12], and the record as a whole, the Court finds that Petitioner's Objection is not well taken or supported by the record, and should be

overruled. The Court further finds that the Magistrate's Report and Recommendation [10] should be adopted as the finding of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objection [12] filed in this cause on November 9, 2010, should be, and hereby is, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [10] of Chief Magistrate Judge John M. Roper, entered on October 14, 2010, should be, and hereby is, adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Motion to Dismiss [9] filed August 3, 2010, should be, and hereby is, **GRANTED**, and the [1] Petition for Writ of Habeas Corpus filed by Petitioner Ronald B. Evans, pursuant to 28 U.S.C. § 2254 should be and hereby is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered herein in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any remaining pending Motions are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 29th day of March, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE